UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| FABIAN ESPARZA | * | | CIVIL ACTION |
| | * | | |
| VERSUS | * | | NO. 15-4644 |
| | * | | |
| KOSTMAYER CONSTRUCTION, LLC, | * | | SECTION "E" (1) |
| ET AL. | * | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION TO MOTION FOR CONDITIONAL CLASS CERTIFICATION,
JUDICIAL NOTICE, AND FOR DISCLOSURE OF THE NAMES AND ADDRESSES
OF THE POTENTIAL OPT-IN PLAINTIFFS**

**MAY IT PLEASE THE COURT:**

Kostmayer Construction, LLC, Hiram Investments, LLC, and James H. Kostmayer (hereinafter referred to as "Defendants") respectfully submit this opposition to the Motion for Conditional Class Certification, Judicial Notice, and for Disclosure of the Names and Addresses of the Potential Opt-In Plaintiffs. This matter is set for oral argument before this Court on March 4, 2016, at 11:00 a.m.

**FACTUAL BACKGROUND**

Plaintiff, Fabian Esparza, has brought this matter alleging that he has not been paid overtime wages for overtime work he performed for the Defendants. Defendant, Kostmayer Construction, LLC, is a marine contractor which performs large commercial construction projects in Louisiana.

Defendant, Hiram Investments, LLC, is a real estate management company which owns and manages commercial property in the New Orleans metro area.

Plaintiff has set forth in his pleadings and Declaration that he was originally hired to work for Kostmayer Construction, and that he did in fact work for the company for the duration of 2012, and then again from April 2014 until April 2015. Plaintiff alleges that he worked at various jobsites throughout Louisiana for Kostmayer Construction, and that he performed manual labor consisting of metal cutting, carpentry, welding and painting. However, Plaintiff claims that he was paid by Kostmayer for the first forty hours of a given week, then he was switched to Hiram Investments, LLC so as to avoid the payment of overtime wages. All Defendants vehemently deny these allegations, intend to prove that such a scheme to avoid overtime wages did not exist, and that there is no merit to Plaintiff's claim.

Nevertheless, at this stage of the litigation, Esparza sets forth a "scheme" in his lawsuit and Declaration by which he claims Kostmayer allegedly avoided paying overtime wages to other employees and him, as follows:

12.   For the first forty hours that I worked in any particular work week I was paid by Kostmayer Construction with a check that bore the name Kostmayer Construction, Inc.

13.   For every hour that I worked in excess of forty in any particular work week I was paid by Kostmayer Construction with a check that bore the name Hiram Investments, LLC.

14.   I personally observed other Kostmayer Construction employees being paid in the same fashion that I was. They were issued two separate checks: one from Kostmayer

2

Construction, Inc. and one from Hiram Investments, LLC.  See (Declaration of Fabian Esparza).

As set forth through his pleadings and Declaration, Plaintiff alleges a scheme by Defendants to avoid paying overtime whereby he was paid by Kostmayer Construction for the first forty hours, then paid by Hiram Investments, LLC for any time in excess of forty hours.  Plaintiff also submits checks he received from both Kostmayer Construction and Hirman Investments in support of his allegations.  In light of his allegations, Plaintiff has requested that a class be conditionally certified, and that his counsel be provided with the names and addresses of all employees similarly situated to him for the past three years, along with an opt-in period of six months.

For the reasons that follow, Defendants assert that in the event this Court conditionally certifies this matter as a collective action and allows for notice, the class definition should be limited only to those individuals who received a paycheck from both Kostmayer Construction, LLC, and Hiram Investments, LLC; should be limited to the time frame of plaintiff's employment; and the opt-in period should not exceed 90 days.

**LAW AND ARGUMENT**

I.      **THE CLASS, IF CONDITIONALLY CERTIFIED, SHOULD BE LIMITED TO THOSE INDIVIDUALS WHO RECEIVED A PAYCHECK FROM BOTH KOSTMAYER CONSTRUCTION, LLC AND HIRAM INVESTMENTS, LLC.**

At the conditional certification phase of a FLSA collective action, or the "notice stage," the plaintiff bears the burden of making a preliminary factual showing that other similarly situated individuals exist such that the Court should provide notice of the action to putative class members. *White v. Integrated Electronic Section Technologies, Inc.*, 2013 WL 2903070 (E.D. La. 2013).  Such a determination by the Court is appropriate when there is a demonstrated similarity among the

individual situations. *Banegas v. Calmar Corporation*, 2015 WL 4730734 (E.D. La. 2015).  This demonstrated similarity requires that there be some factual nexus that binds the named plaintiff and the potential class members together as victims of a particular policy or practice.  *Id.* at 3.  Stated another way, plaintiff is required to make a modest factual showing that the potential class members, together, were victims of a single plan, decision, policy, or practice.  *Id.* at 3.

Although Plaintiff's burden is fairly lenient at this stage, this Court has recognized that giving too lenient an approach at the notice stage can lead to an employer being burdened by something that is no more than a frivolous fishing expedition at the employer's expense.  See *White*, 2013 WL 2903070 at 3.  Moreover, courts must be conscious of their duty to refrain from encouraging unwarranted litigation. *Banegas*, 2015 WL 4730734 at 4; See also *Xavier v. Belfor USA Group, Inc.*, 585 F.Supp. 873, 878 (E.D. La. 2008).

Plaintiff's claim is based upon an alleged scheme by Defendants to avoid overtime wages, whereby he was paid by Kostmayer Construction for the first forty hours, then switched over to Hiram Investments, LLC for any time in excess of forty hours.  The law is quite clear that only those individuals who are <u>similarly situated,</u> because they are victims of the same practice, should be included in the class definition and thus receive notice of the pending litigation.  As such, employees who have only received a paycheck from <u>either</u> Kostmayer Construction <u>or</u> Hiram Investments are not similarly situated to Plaintiff because they are not victims of the same alleged scheme to avoid overtime by receiving payment from both entities.  Clearly, an employee of Kostmayer Construction who has received a paycheck only from Kostmayer Construction does not fall within the alleged scheme to avoid overtime payments as set forth by Plaintiff.

In the event that this Court conditionally certifies the class and orders notice to be issued,

such class and notice should be limited to only those employees who have received a paycheck from both entities, at the very least. To hold otherwise would allow for a conditional certification of a class whose members are not similarly situated to Plaintiff, and allow for an unwarranted fishing expedition at the Defendants' expense.

## II. THE CLASS SHOULD BE LIMITED TO THE TIME FRAME OF FABIAN ESPARZA'A EMPLOYMENT.

When determining the temporal scope of the proposed class for purposes of conditional certification, plaintiff's proposed time frame cannot be arbitrary. *Rendon v. Global Technical Solutions, LLC*, 2015 WL 8042169 (E.D. La. 2015). This Court in *Rendon* opined that:

> "The Court is aware that Defendants have expressed concerns regarding the temporal scope of the proposed class, noting that Rendon alleges that he was employed by GTS between May of 2013 and June of 2014, but that he seeks to certify a class of employees who worked for Defendants during the past three years. Plaintiff does not provide any rationale for the three-year time span at this time. Therefore, the time span appears arbitrary. Accordingly, the Court shall limit the class period to the dates worked by Rendon. Therefore, for the above stated reasons, notice shall be sent to: 'All persons employed by Global Technical Solutions LLC to work on cell phone towers an not paid overtime for hours they worked in excess of 40 hours, during any work week, during the period of May 2013 to June 2014.'" *Id.* at 10.

Just as in *Rendon*, the Plaintiff herein requests that the class be certified for a time period to include the previous three years. However, in the last three years, Plaintiff admits that he was only employed from April 2014 until April 2015. See (Declaration of Fabian Esparza, Doc. 7-2, paragraph 2). Like the factual scenario presented in *Rendon*, there is no basis for certifying a class to include the last three years. Therefore, the Court should limit the time period of the class and notice to span from April 2014 to April 2015.

### III.    ANY OPT-IN PERIOD SHOULD NOT EXCEED 90 DAYS.

Plaintiff has requested an opt-in period of six months, alleging that there may be difficulty in noticing non-English speaking laborers, or that addresses to be provided by Defendants may be outdated and/or inaccurate.  Counsel for the Plaintiff herein recently made the same argument in another FLSA case, *Lopez v. Hal Collums Construction, LLC*, 2015 WL 7302243 (E.D. La. 2015).  The Court rejected plaintiff's request for a six month opt-in period, and instead found that an opt-in period of 90 days was more appropriate.  Defendants herein assert that the requested six-month opt-in period is both unreasonable and excessive, and urges the Court to follow the ruling in *Lopez*, limiting the opt-in period to 90 days.

### CONCLUSION

For the foregoing reasons, Defendants pray that in the event the Court conditionally certifies this matter as a collective action and authorizes notice, that such class and notice be limited to those employees who received a paycheck from both Kostmayer Construction, LLC, and Hiram Investments, LLC, and to the time frame of plaintiff's employment dates.  Defendants also pray that the opt-in period be limited to 90 days.

Respectfully Submitted,


          /s/ Preston L. Hayes
GEORGE B. RECILE (#11414)
PRESTON L. HAYES ( #29898)
RYAN P. MONSOUR (#33286)
**CHEHARDY, SHERMAN, WILLIAMS, MURRAY, RECILE, STAKELUM & HAYES, L.L.P.**
One Galleria Blvd., Suite 1100
Metairie, Louisiana 70001
Telephone: (504) 833-5600 / Fax: (504) 833-8080
Attorneys for Defendants

6

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2016, I served a copy of th foregoing on counsel for

Plaintiff via the Court's CM/ECF system.

_/s/ Preston L. Hayes_____