UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FABIAN ESPARZA,**<br>　　Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-4644** |
| **KOSTMAYER CONSTRUCTION,<br>LLC, ET AL.,**<br>　　Defendants | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is Plaintiff's motion to conditionally certify a collective action under the Fair Labor Standards Act and to facilitate notice under 29 U.S.C. § 216(b).[1]

## BACKGROUND

This is a collective action filed by Plaintiff Fabian Esparza ("Esparza") under the Fair Labor Standards Act of 1938 ("FLSA").[2] Esparza filed this suit on September 22, 2015, on behalf of himself and all other similarly situated individuals who are or were employed to perform manual labor by Defendants Kostmayer Construction, LLC ("Kostmayer Construction").[3] Kostmayer Construction is an industrial marine contractor that provides "full-service marine fabrication facilities" and performs extensive piping work in petrochemical and industrial plants, builds material-handling systems, and performs heavy civil construction work throughout the Gulf Coast states.[4] Defendant Hiram Investments, LLC ("Hiram") is a real-estate management company. Defendant James Kostmayer is owner, president, manager, and director of Kostmayer Construction

---

[1] R. Doc. 7.
[2] 29 U.S.C. § 201 *et seq.*
[3] R. Doc. 1; R. Doc. 25.
[4] R. Doc. 1 at ¶ 13; R. Doc. 5 at ¶ 13.

1

and Hiram.[5]

Esparza alleges Defendants failed to pay overtime wages for time he and other manual laborers worked in excess of 40 hours per week in violation of the FLSA.[6] Esparza alleges Defendants circumvented FLSA requirements by implementing a policy whereby a check for wages for the first 40 hours per week would be issued by Kostmayer Construction but a check for wages for hours worked in excess of 40 hours per week would be issued by Hiram or another third-party entity.[7] Esparza seeks unpaid wages, pre- and post-judgment interest, liquidated damages, and attorney's fees and costs on behalf of himself and other similarly situated employees who worked for Defendants during the past three years.[8] Plaintiff also seeks declaratory and injunctive relief.[9]

On January 21, 2016, Esparza filed a motion to conditionally certify and to facilitate notice under the FLSA.[10] Defendants filed a response in opposition on February 25, 2016.[11] Esparza filed a reply in support of his motion to certify on March 2, 2016.[12] The Court held oral argument on March 23, 2016.[13]

Following oral argument, Esparza filed a supplemental memorandum on March 30, 2016.[14] Esparza seeks to certify the following collective class:

> All individuals who worked or are working performing manual labor for Kostmayer Construction LLC during the previous three years and who are eligible for overtime pay pursuant to the FLSA, 29 U.S.C. § 207 and who did not receive full overtime compensation.[15]

---

[5] R. Doc. 1 at ¶ 24; R. Doc. 5 at ¶ 24.
[6] R. Doc. 1.
[7] *See id.* at ¶ 10.
[8] R. Doc. 1 at 6–7.
[9] *Id.*
[10] R. Doc. 7.
[11] R. Doc. 13.
[12] R. Doc. 16.
[13] *See* R. Doc. 21.
[14] R. Doc. 25. Esparza filed a supplemental memorandum in which he acknowledged his initial proposed class definition was "inadequate."
[15] R. Doc. 25 at 1.

Defendants filed a response on April 4, 2016.[16]

## STANDARD OF LAW

Section 207(a) of the FLSA requires covered employers to compensate non-exempt employees at overtime rates for time worked in excess of statutorily-defined maximum hours.[17] Courts construe the FLSA "liberally in favor of employees, and exemptions are to be narrowly construed against the employers seeking to assert them."[18] Under the FLSA, an employee may bring an action on "behalf of himself . . . and other employees similarly situated" to recover unpaid wages, liquidated damages, and attorney's fees from an employer in violation of the Act.[19] While the FLSA applies to employees, it does not apply to independent contractors.[20]

Unlike Rule 23 class actions, in which potential class members may choose to opt out of the action, FLSA collective actions require potential class members to affirmatively opt in to the action.[21] "District courts are provided with discretionary power to implement the collective action procedure through the sending of notice to potential plaintiffs."[22] Notice must be "timely, accurate and informative."[23]

When deciding whether to certify a collective action, the Court must determine whether the members of the putative collective class are sufficiently "similarly situated"

---

[16] R. Doc. 33.
[17] 29 U.S.C. § 207(a). *See also McGavock v. City of Water Valley, Miss.*, 452 F.3d 423, 424–25 (5th Cir. 2006) ("The Fair Labor Standards Act of 1983 establishes the general rule that employees must receive overtime compensation at one and one-half times the regular rate for hours worked in excess of 40 hours during a seven-day workweek.").
[18] *McGavock*, 452 F.3d at 424.
[19] 29 U.S.C. § 216(b).
[20] *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 342 (5th Cir. 2008).
[21] *See Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2008); *Baricuatro v. Indus. Pers. & Mgmt. Servs., Inc.*, No. 11-2777, 2012 WL 5472302, at *1 (E.D. La. Nov. 9, 2012); *Lima v. Int'l Catastrophe Sols., Inc.*, 493 F. Supp. 2d 793, 797 (E.D. La. 2007).
[22] *Lopez v. Hal Collums Constr.*, LLC, No. 15-4113, 2015 WL 7302243, at *4 (E.D. La. Nov. 18, 2015) (quoting *Lima*, 493 F. Supp. 2d at 797).
[23] *Lima*, 493 F. Supp. 2d at 797 (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989)).

such that the Court should circulate notice to potential class members and provide them with an opportunity to opt in to the case.[24] The FLSA does not define "similarly situated."[25] In *Mooney v. Aramco Services Co.*,[26] the Fifth Circuit recognized that courts have followed two approaches—one set forth in *Lusardi v. Xerox Corporation*[27] and the other in *Shushan v. University of Colorado at Boulder*[28]—when evaluating whether putative class members are "similarly situated" and whether notice should be given.[29] Although the Fifth Circuit has not endorsed a particular approach,[30] district courts commonly follow the two-stage *Lusardi* approach, as will this Court.[31]

The first *Lusardi* step is the "notice stage," in which the Court is charged with deciding whether to grant "conditional certification" and issue notice to potential members of the putative collective class.[32] This determination is typically made on the basis of only the pleadings and any affidavits.[33] At the notice stage, the burden is on the plaintiff to demonstrate that "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to

---

[24] *See* 29 U.S.C. § 207(a).
[25] *See* 29 U.S.C. § 207; *Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567, 573 (E.D. La. 2008).
[26] *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).
[27] *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).
[28] *Shushan v. Univ. of Colorado at Boulder*, 132 F.R.D. 263 (D. Colo. 1990).
[29] *Mooney*, 54 F.3d at 1213–14.
[30] *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 518–19 (5th Cir. 2010) ("We have not ruled on how district courts should determine whether plaintiffs are sufficiently 'similarly situated' to advance their claims together in a single § 216(b) action.").
[31] *See, e.g., Lang v. DirecTV, Inc.*, No. 10-1085, 2011 WL 6934607, at *7 (E.D. La. Dec. 30, 2011) (noting that the *Lusardi* approach is "the more common approach and routinely used by courts in this District"); *Lima*, 493 F. Supp. 2d at 797; *Williams v. Bally's Louisiana, Inc.*, No. 05-5020, 2006 WL 1235904, at *2 (E.D. La. May 5, 2006) ("[A] consensus of courts apply a two-step analysis for conditional certification . . . ."); *Badgett v. Texas Taco Cabana, L.P.*, No. 05-3624, 2006 WL 2934265, at *1 (S.D. Tex. Oct. 12, 2006) ("While the Fifth Circuit has not endorsed a particular method for this process, the more commonly used method, and the one utilized by other courts in the Southern District of Texas, is the "two-stage" *Lusardi* method."); *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 509 (M.D. La. 2005); *Basco v. Wal-Mart Stores, Inc.*, No. 00-3184, 2004 WL 1497709, at *4 (E.D. La. July 2, 2004).
[32] *Chapman v. LHC Grp., Inc.*, No. 13-6384, 2015 WL 5089531, at *5 (E.D. La. Aug. 27, 2015).
[33] *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 n.2 (5th Cir. 2008); *Chapman*, 2015 WL 5089531, at *5 (citing *Mooney*, 54 F.3d at 1213–14).

4

the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit."[34] "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class."[35] Generally, courts "require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan . . . ."[36] While the burden is lenient, however, certification is not automatic.[37] "[G]eneral allegations that the employer violated the FLSA are insufficient."[38]

If the Court grants conditional certification, the case proceeds through discovery as a collective class action to the "merits stage," during which the defendant may move for decertification of the class.[39] At the merits stage, the court applies a three-factor test, "considering (1) the extent to which employment settings are similar or disparate; (2) the extent to which any of the employer's defenses are common or individuated; and (3) fairness and procedural concerns."[40] The court then "makes a factual determination on the similarly situated question."[41] "If the claimants are similarly situated, the district court allows the representative action to proceed to trial."[42] If the claimants are not similarly situated, the court dismisses the claims of the opt-in plaintiffs without prejudice, and the class representatives proceed to trial on their individual claims.[43]

---

[34] *Chapman*, 2015 WL 5089531, at *5. *See also Morales v. Thang Hung Corp.*, No. 08-2795, 2009 WL 2524601, at *2 (S.D. Tex. Aug. 14, 2009).
[35] *Mooney*, 54 F.3d at 1214 (internal quotation marks omitted).
[36] *Id.* at 1214 n.8 (quoting *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)). *See also Skelton v. Sukothai, LLC*, 994 F. Supp. 2d 785, 787 (E.D. La. 2014).
[37] *White v. Integrated Elec. Techs., Inc.*, No. 12-359, 2013 WL 2903070, at *3 (E.D. La. June 13, 2013).
[38] *Melson v. Directech Sw., Inc.*, No. 07-1087, 2008 sWL 2598988, at *4 (E.D. La. June 25, 2008).
[39] *Chapman*, 2015 WL 5089531, at *6 (citing *Mooney*, 54 F.3d at 1214).
[40] *Id. See also Johnson*, 561 F. Supp. 2d at 573–74.
[41] *Mooney*, 54 F.3d at 1214.
[42] *Id.*
[43] *Id.*

**DISCUSSION**

I. <u>Conditional Certification of the FLSA Collective Action</u>

Esparza stated in his sworn declaration that he worked as a manual laborer, doing metal cutting, carpentry, welding, and painting, for Kostmayer Construction in 2012 and from April 2014 through April 2015.[44] Esparza further stated he was paid $15 per hour and, while he "often" worked more than 40 hours per week, he was not paid overtime wages for hours worked in excess of 40 hours.[45] Esparza declared that his co-workers worked more than 40 hours per week but also were not paid overtime wages for hours worked in excess of 40 hours per week.[46] Specifically, Esparza asserts, "For the first forty hours that I worked in any particular work week I was paid by Kostmayer Construction with a check that bore the name Kostmayer Construction, Inc. For every hour that I worked in excess of forty in any particular work week I was paid by Kostmayer Construction with a check that bore the name Hiram Investments, L.L.C."[47] Esparza further avers that he "personally observed" that other Kostmayer employees were paid in the same manner; "[t]hey were issued two separate checks: one from Kostmayer Construction, Inc. and one from Hiram Investments, L.L.C."[48] Esparza also attached to his motion paychecks reflecting that on July 3, 2014, he was indeed issued checks by both Kostmayer Construction and Hiram.[49] Esparza seeks to certify a class of manual laborers who work or worked for Kostmayer during the last three years and were not paid overtime wages.[50]

---

[44] R. Doc. 7-2 at ¶¶ 2, 6.
[45] *Id.* at ¶¶ 9, 10.
[46] *Id.* at ¶¶ 11, 15, 16.
[47] *Id.* at ¶¶ 12–13.
[48] *Id.* at ¶ 14.
[49] R. Doc. 7-3.
[50] R. Doc. 25 at 1.

Defendants argue that the class definition is "overly broad" and should be limited only to those individuals who worked for both Kostmayer Construction and Hiram and received pay at the regular hourly rate from Hiram for hours worked in excess of 40 hours per week.[51]

The Court finds the class definition is not overly broad, as Esparza has provided sufficient evidence at this stage to demonstrate a reasonable basis for finding that there exist aggrieved individuals who are similarly situated to Esparza in relevant respects and that those individuals wish to opt in to the lawsuit.[52] Esparza provided a sworn declaration asserting he performed manual labor while employed by Kostmayer and "often" worked in excess of 40 hours per week without receiving overtime compensation as required under the FLSA.[53] Although he was alleges he was subject to this two-check scheme in Defendants' alleged attempt to circumvent the requirements of the FLSA, he also declared he "personally observed" other Kostmayer employees who worked more than 40 hours per week for Kostmayer but were not paid overtime wages for hours worked in excess of 40 hours per week.[54] Esparza specifically identifies two co-workers who had "the same basic duties" as Esparza and who "had never received overtime wages from Kostmayer."[55] At this stage, courts generally consider whether potential plaintiffs were identified, whether affidavits or sworn declarations of potential plaintiffs were submitted, and whether evidence of a widespread discriminatory plan was submitted.[56] Courts "require nothing more than substantial allegations that the putative class members were

---

[51] R. Doc. 13 at 3–5; R. Doc. 33 at 1–5.
[52] *See Chapman*, 2015 WL 5089531, at *5; *Morales*, 2009 WL 2524601, at *2.
[53] R. Doc. 7-2 at ¶ 10.
[54] *Id.* at ¶ 14.
[55] *Id.* at ¶¶ 15–16.
[56] *Lima*, 493 F. Supp. 2d at 798.

together the victims of a single decision, policy, or plan"[57]—in this case, that Defendants had a policy of not paying overtime wages for hours worked in excess of 40 hours per week, in contravention of the FLSA. Esparza's allegations and evidence of a company-wide policy of non-payment of overtime wages "are sufficient to satisfy the lenient standard for conditional certification at the notice stage."[58] Accordingly, conditional certification is appropriate. Defendants may later file a motion for decertification after a more extensive discovery process has been conducted, if it is determined at that stage that Esparza has failed to carry his burden of establishing that he and members of the proposed class are similarly situated.[59]

Defendants also argue that a class period of three years is arbitrary and that the class period should be limited only to the time frame of Esparza's employment.[60] In his supplemental memorandum, Esparza cites several cases in this district in which the court conditionally certified classes with periods of three years.[61] "[T]he FLSA is a remedial statute, and the federal courts should give it a liberal construction."[62] "The purpose of the

---

[57] *Mooney*, 54 F.3d at 1214 n.8 (quoting *Sperling*, 118 F.R.D. at 407). *See also Skelton*, 994 F. Supp. 2d at 787.
[58] *Prejean*, 2013 WL 5960674, at *8. *See also Donohue v. Francis Servs., Inc.*, No. 04-170, 2004 WL 1161366, at *2 (E.D. La. May 24, 2004) ("It seems appropriate to certify the collective action at this time and revisit the question later after some discovery."); *Ebbs v. Orleans Par. Sch. Bd.*, No. 04-1198, 2007 WL 2127699, at *1–*2 (E.D. La. July 24, 2007).
[59] *See Prejean*, 2013 WL 5960674 at *4.
[60] R. Doc. 13 at 5; R. Doc. 33 at 5–6.
[61] R. Doc. 25 at 7–8. *See White*, 2013 WL 2903070; *Martinez v. Southern Solutions Land Mgmt.*, No. 14-2366, R. Doc. 25 (E.D. La. Mar. 19, 2015); *Calix v. Ashton Marine LLC*, No. 14-2430, R. Doc. 28 (E.D. La. Mar. 25, 2015); *Banegas v. Calmar Corp.*, No. 15-593, R. Doc. 29 (E.D. La. Aug. 10, 2015); *Rios v. Classic Southern Home Construction*, No. 15-4104, R. Doc. 26 (E.D. La. Dec. 22, 2015); *Lopez v. Hal Collums Construction, LLC*, No. 15-4113, R. Doc. 23 (E.D. La. Nov. 18, 2015); *Palma v. Tormus Inc.*, No. 15-3025, R. Doc. 20 (E.D. La. Feb. 29, 2016).
[62] *Songer v. Advanced Bldg. Servs., LLC*, No. 14-3154, 2015 WL 5147579, at *4 (S.D. Tex. Sept. 2, 2015) (quoting *Aros v. United Rentals, Inc.*, 269 F.R.D. 176, 182 (D.Conn.2010)). *See also Cleveland v. City of Elmendorf, Tex.*, 388 F.3d 522, 526 (5th Cir. 2004) (referring to the "broad" reach of the FLSA); *Beldin v. Travis Cty.*, 85 F. App'x 373 (5th Cir. 2003) ("The FLSA ought to be interpreted broadly . . . ."); *Dunlop v. Ashy*, 555 F.2d 1228, 1234 (5th Cir. 1977) ("We are mindful of the liberal construction to be afforded the FLSA, but the Act must be applied with reason and in a common sense fashion." (citations omitted)).

FLSA is to eliminate low wages and long hours and free commerce from the interferences arising from production of goods under conditions that were detrimental to the health and well-being of workers."[63] As the Supreme Court instructed, "[t]he broad remedial goal of the [FLSA] should be enforced to the full extent of its terms."[64] Accordingly, the Court will permit the collective class to encompass the three-year period allowed under the FLSA.[65]

## II. Form, Content, and Timing of Notice to be Given

The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged activity.[66] "These benefits, however, depend on employees' receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."[67]

The parties have agreed to a 90-day opt-in period.[68] Esparza has submitted a proposed notice form setting forth the scope of the litigation and informing putative class members of their rights[69] and a proposed opt-in consent form that putative class members may sign and return in order to opt in to this case.[70] After Esparza revised the class definition in his supplemental memorandum, he did not submit revised notice and consent forms to reflect the collective class proposed therein. Accordingly, Esparza shall revise the proposed notice and consent forms to reflect the class definition approved by

---

[63] *Usery v. Pilgrim Equip. Co.*, 527 F.2d 1308, 1310 (5th Cir. 1976) (internal quotation marks omitted).
[64] *Hoffmann-LaRoche*, 493 U.S. at 173.
[65] *See* 29 U.S.C. § 255.
[66] *See Hoffmann-LaRoche*, 493 U.S. at 170.
[67] *Id.*
[68] *See* R. Doc. 13 at 6; R. Doc. 16 at 5.
[69] R. Doc. 7-6 at 1–2 (English); R. Doc. 7-7 at 1–2 (Spanish).
[70] R. Doc. 7-6 at 3 (English); R. Doc. 7-7 at 3 (Spanish).

this order.

In order to facilitate notice, Esparza requests that the Court require Defendants to produce, within 14 days, a list of names, last-known mailing addresses, email addresses, and dates of employment of any potential class members.[71]

Defendants do not oppose Esparza's request or his proposed notice and consent forms,[72] and several courts have approved similar requests.[73] Accordingly, the Court grants Esparza's request.

## CONCLUSION

Accordingly;

**IT IS ORDERED** that Esparza's motion to conditionally certify this matter as a collective action under the FLSA is **GRANTED**. The Court conditionally certifies this matter as a collective action with respect to all individuals who worked or are working performing manual labor for Kostmayer Construction LLC during the previous three years and who are eligible for overtime pay pursuant to the FLSA, 29 U.S.C. § 207, and who did not receive full overtime compensation.

**IT IS FURTHER ORDERED** that Esparza file a revised notice form and a revised opt-in consent form in accordance with this order by **July 8, 2016**.

**IT IS FURTHER ORDERED** that Defendants produce to Esparza a list of the names, last-known mailing addresses, email addresses, and dates of employment of all

---

[71] R. Doc. 7-1 at 20.
[72] *See* R. Docs. 13, 33.
[73] *See, e.g., Prejean*, 2013 WL 5960674, at *1 (requiring the defendants to give the plaintiffs within 30 days "a computer-readable data file containing all potential opt-in plaintiffs' names *and* last known mailing *and* e-mail addresses" (emphasis in original)); *Williams*, 2006 WL 1235904, at *3 (requiring defendant to provide plaintiffs with names, last-known addresses, and phone numbers of all potential opt-in plaintiffs within 26 days); *Recinos-Recinos v. Express Forestry, Inc.*, 233 F.R.D. 472, 482 (E.D. La. 2006) (requiring defendants to provide plaintiffs with names, last-known addresses, and phone numbers of all potential opt-in plaintiffs within 16 days).

potential class members by **July 15, 2016**.

  **IT IS FURTHER ORDERED** that class members seeking to opt in to this case will have 90 days from the date on which the notice and consent forms are mailed to opt in to the lawsuit.

  New Orleans, Louisiana, this 1st day of July, 2016.

       _____
        **SUSIE MORGAN**
      **UNITED STATES DISTRICT JUDGE**