UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| FABIAN ESPARZA, Plaintiff | CIVIL ACTION |
|---|---|
| VERSUS | NO. 15-4644 |
| KOSTMAYER CONSTRUCTION, LLC, ET AL., Defendants | SECTION: "E" (1) |

## ORDER AND REASONS

Before the Court is Plaintiff's motion for attorneys' fees pursuant to 29 U.S.C. § 216(b).[1] The motion is opposed.[2]

This is a collective action filed by Plaintiff Fabian Esparza ("Esparza") under the Fair Labor Standards Act of 1938 ("FLSA").[3] Esparza filed this suit on September 22, 2015, on behalf of himself and all other similarly situated individuals who are or were employed to perform manual labor by Defendants Kostmayer Construction, LLC ("Kostmayer Construction").[4] Kostmayer Construction is an industrial marine contractor that provides "full-service marine fabrication facilities" and performs extensive piping work in petrochemical and industrial plants, builds material-handling systems, and performs heavy civil construction work throughout the Gulf Coast states.[5] Defendant Hiram Investments, LLC ("Hiram") is a real-estate management company. Defendant James Kostmayer is owner, president, manager, and director of Kostmayer Construction and Hiram.[6]

---

[1] R. Doc. 90.
[2] R. Doc. 93.
[3] 29 U.S.C. § 201 *et seq*.
[4] R. Doc. 1; R. Doc. 25.
[5] R. Doc. 1 at ¶ 13; R. Doc. 5 at ¶ 13.
[6] R. Doc. 1 at ¶ 24; R. Doc. 5 at ¶ 24.

The Plaintiffs allege the Defendants failed to pay overtime wages for time they worked in excess of 40 hours per week in violation of the FLSA.[7] On April 27, 2017, the parties informed the Court they had reached a settlement in principle.[8] On June 23, 2017, the parties filed a motion to approve the FLSA settlement.[9] On June 28, 2017, the Court granted the parties' joint motion, and approved the FLSA Settlement Agreement.[10]

Paragraph B(2) of the Settlement Agreement provides:

> The parties have made no agreement regarding the payment of Plaintiffs' attorney fees or costs. Plaintiffs' counsel intends to apply to the Court for an award of attorney's fees and costs and Defendants reserve the right to contest this application. In the event that the Parties negotiate a settlement of the Plaintiffs' attorneys' fees and costs while the application for the award of attorneys' fees and costs is pending, then such settlement amount will be paid within 10 days of the Parties reducing it to writing.

On July 12, 2017, the Plaintiffs filed a motion for attorneys' fees.[11] The Defendants oppose the motion, citing *Dionne v. Floormasters Enterprises, Inc.*[12] In *Dionne*, the court held that an employer, who denied liability for nonpayment for overtime work, was not required to pay attorneys' fees and costs under the FLSA because the plaintiffs mooted their FLSA action when they conceded to the dismissal of the matter for lack of subject-matter jurisdiction.[13]

The Defendants, however, ignore the Eleventh Circuit's subsequent decision in *Wolff v. Royal American Management, Inc.*, which is factually similar to the instant case.[14] In *Wolff*—as in this case—the district court approved the FLSA settlement as

---

[7] R. Doc. 1.
[8] R. Doc. 87.
[9] R. Doc. 88.
[10] R. Doc. 89.
[11] R. Doc. 90.
[12] R. Doc. 93 at 4 (citing *Dionne v. Floormasters Enterprises, Inc.*, 667 F.3d 1199, 1205 (11th Cir. 2012)).
[13] *Id*.
[14] 545 Fed. App'x 791 (11th Cir. 2013). The *Wolff* court declined to extend the holding of *Dionne*. *Id*.

reasonable.[15] For plaintiffs to be entitled to attorneys' fees under the FLSA, they must "receive a judgment in [their] favor."[16] The court in *Wolff* found that the district court's approval of the settlement, which did not moot Wolff's FLSA claim, was a judgment in Wolff's favor, entitling him to attorneys' fees. Also, as in *Wolff*, the language of the Settlement Agreement in this case shows "the parties did not intend the settlement agreement to preclude attorneys' fees under the FLSA."[17]

The Court adopts the reasoning in *Wolff* and finds that the Plaintiffs' settlement with the Defendants did not moot their FLSA claim, and, because they received a judgment in their favor, they are entitled to attorneys' fees and costs from the Defendants.

Accordingly;

**IT IS ORDERED** that the Plaintiff's motion for attorneys' fees and costs is **GRANTED** insofar as the Court finds the Plaintiffs are entitled to attorneys' fees and costs.[18]

**IT IS FURTHER ORDERED** that the motion be referred to the United States Magistrate Judge for determination of the amount of attorneys' fees owed.

**New Orleans, Louisiana, this 3rd day of August, 2017.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[15] *Id.* at 795. The court in *Dionne* never approved any settlement agreement or retained jurisdiction to enforce any settlement agreement, as the parties never reached a formal settlement agreement to present to the court. *Dionne*, 667 F.3d at 1205.

[16] *Wolff*, 545 Fed. App'x at 795 (citing 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.")).

[17] *Id.*; *see also* R. Doc. 88-3 at 4.

[18] The Plaintiff has filed a bill of costs before the Clerk of Court. R. Doc. 91. *See also* L.R. 54.3. The Defendants filed an opposition to the bill of costs. R. Doc. 92.