UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FABIAN ESPARZA, ET AL. | * | CIVIL ACTION NO. 15-4644 |
| | * | SECTION: "E"(1) |
| VERSUS | * | |
| | * | JUDGE SUSIE MORGAN |
| KOSTMAYER CONSTRUCTION, LLC, ET AL. | * | MAGISTRATE JUDGE JANIS VAN MEERVELD |
| | * | |

*****************************************

REPORT AND RECOMMENDATION

Before the Court is the Motion for Attorneys' Fees filed by the Plaintiffs. (Rec.Doc. 90). The District Judge ruled that Plaintiffs are entitled to attorneys' fees and ordered the undersigned to determine the amount of attorneys' fees owed. (Rec. Doc. 95). IT IS RECOMMENDED that Defendants pay Esparza $40,080 in attorneys' fees. Defendants' request for oral argument is DENIED.

Background

Fabian Esparza filed this lawsuit on September 22, 2015, on behalf of himself and other similarly situated individuals alleging that their employer Kostmayer Construction, LLC ("Kostmayer Construction") had failed to pay them overtime wages for time they worked in excess of 40 hours per week in violation of the Fair Labor Standards Act ("FLSA"). Esparza also sued Hiram Investments, LLC ("Hiram"), a real-estate management company, and James Kostmayer, the owner, president, manager, and director of Kostmayer Construction and Hiram. The District Court certified a collective action extending to "all individuals who worked or are working performing manual labor for Kostmayer Construction LLC during the previous three years and

1

who are eligible for overtime pay pursuant to the FLSA, 29 U.S.C. § 707, and who did not receive full overtime compensation." (Rec. Doc. 42).

The parties notified the District Court on April 27, 2017, that they had reached a settlement. On June 28, 2017, the District Court approved the parties' settlement agreement. Defendants agreed to pay Plaintiffs $8,892.90. Plaintiffs explain that this amount is equal to "all money possible under the FLSA." Defendants point out that they did not admit to liability in the settlement agreement. The agreement also explicitly provided that "[t]he parties have made no agreement regarding the payment of Plaintiffs' attorney fees or costs. Plaintiffs' counsel intends to apply to the Court of an award of attorney's fees and costs and Defendants reserve the right to contest this application."

"Under the Fair Labor Standards Act, the District Court may award reasonable attorney's fees to the prevailing party." Saizan v. Delta Concrete Prod. Co., 448 F.3d 795, 799 (5th Cir. 2006). Thus, the Plaintiffs filed a motion for attorneys' fees arguing that they were prevailing parties entitled to an award. Defendants opposed, arguing, among other things, that Plaintiffs cannot be considered prevailing parties. The District Court found that its order approving the settlement was a judgment in Plaintiffs' favor and the settlement agreement did not moot Plaintiffs' FLSA claims. Accordingly, the District Court found the Plaintiffs are entitled to their reasonable attorneys' fees under the FLSA and referred the Motion to the undersigned for a determination of the amount owed.

Law and Analysis

1. *Standard for Award of Attorneys' Fees*

The Court engages in a two-step process to determine reasonable attorneys' fees. Matter of Fender, 12 F.3d 480, 487 (5th Cir. 1994); see Saizan, 448 F.3d at799 ("[W]e use the lodestar

method to calculate an appropriate attorney's fee award under the FLSA."). First, the Court computes the lodestar "by multiplying the number of hours reasonably expended by the prevailing hourly rate in the community for similar work." Id.; see Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."). The party requesting fees bears the burden of proving that the rates charged and hours expended are reasonable. See Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984); Walker v. U.S. Dep't of Hous. & Urban Dev., 99 F.3d 761, 770 (5th Cir. 1996); Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 324 (5th Cir. 1995).

"The court then adjusts the lodestar upward or downward depending upon the respective weights of the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974)." Fender, 12 F.3d at 487. The Johnson factors are:

> 1) time and labor required, (2) novelty and difficulty of the issues, (3) skill required to perform the legal services properly, (4) preclusion of other employment, (5) customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by client or circumstances, (8) amount involved and results obtained, (9) experience, reputation and ability of the attorneys, (10) undesirability of the case, (11) nature and length of the professional relationship with the client, and (12) award in similar cases.

Id.

The Fifth Circuit has held that "while a low damages award is one factor which a district court may consider in setting the amount of attorney's fees, this factor alone should not lead the district court to reduce a fee award." Singer v. City of Waco, Tex., 324 F.3d 813, 830 (5th Cir. 2003) (quoting Hollowell v. Orleans Reg'l Hosp. LLC, 217 F.3d 379, 392 (5th Cir. 2000)). The Plaintiffs submit that in FLSA cases, it is not uncommon for attorney fee awards to exceed the amount of the judgment. See Howe v. Hoffman-Curtis Partners Ltd., LLP, 215 F. App'x 341, 342

(5th Cir. 2007) ("Given the nature of claims under the F.L.S.A., it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples."). For example, in Howe, the Fifth Circuit affirmed an award of $129,805.50 in attorneys' fees where the damages award was $23,357.30. Id.; see Lucio-Cantu v. Vela, 239 F. App'x 866, 868–69 (5th Cir. 2007) (affirming an award of $51,750 in attorneys' fees where the damages award was $4,696.79).  But as the Defendants point out, the Fifth Circuit has also affirmed cases where the district court reduced the attorneys' fees award in part based on plaintiffs' low damages award. Saizan v, 448 F.3d at 798. In Saizan, for example, the parties disputed the method that should be used to calculate damages, with the defendants urging a fluctuating work week method (which would result in liability of about $15,000) and the plaintiffs urging a method that would result in recovery of $156,000. Id. at 798. The district court ruled that if liability was established at trial, the fluctuating work week method would be used. Id.  The parties settled for $20,000, and the plaintiffs sought $100,000 in attorneys' fees. Id.  The district court awarded $13,000 in attorneys' fees because the plaintiffs had failed to prevail on the issues of the method of calculating damages and on entitlement to liquidated damages and because counsel had failed to exercise billing judgment. Id. at 800. The Fifth Circuit affirmed. In analyzing the plaintiffs' success on the merits, the Fifth Circuit explained that "[v]indication is not as weighty of a factor as monetary success." Id.  at 801. "Where 'a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith.'" Id.  (quoting Migis v. Pearle Vision, Inc., 135 F.3d 1041, 1048 (5th Cir. 1998)).  In affirming the reduction in attorneys' fees awarded, the Fifth Circuit considered that the settlement agreement did not contain an admission of liability and that the plaintiffs had not convinced the

court that they deserved overtime compensation, that the fluctuating work week method should be used to calculate damages, or that liquidated damages were owed. Id.

2. *Hourly Rate*

Plaintiffs here submit the following hourly rates for the three attorneys that worked on the matter: $250 per hour for attorneys Beaumont and Costales, who each have more than six years of experience practicing law; and $200 per hour for attorney Westermeir who has been practicing law for almost three years. They do not present evidence that these are the customary rates of the listed lawyers. They have not submitted affidavits of any other attorneys to show that the requested rates are within the market rates for this area for this type of work. Defendants do not appear to dispute that these hourly rates are appropriate, but the Court must nonetheless decide if these rates are reasonable.

"'[R]easonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" McClain v. Lufkin Indus., Inc., 649 F.3d 374, 381 (5th Cir. 2011) (quoting Blum v. Stenson, 465 U.S. 886, 895–96 (1984)). When the attorneys' customary rate is within the range of prevailing market rates and is "not contested, it is *prima facie* reasonable." Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 328 (5th Cir. 1995) (quoting Islamic Ctr. of Mississippi, Inc. v. City of Starkville, Miss., 876 F.2d 465, 469 (5th Cir. 1989)). However, "the court need not accept the requested rate—even where it is reasonable and within prevailing market rates—if the court explains why it used a different rate." U.S., ex rel., Cook-Reska v. Cmty. Health Sys., Inc., 641 F. App'x 396, 400 (5th Cir. 2016)

In other FLSA cases, courts in this district have found rates similar to those claimed by the Plaintiffs to be reasonable. See, e.g., Smith v. Manhattan Mgmt. Co., LLC, No. CV 14-2623, 2016 WL 915272, at *2 (E.D. La. Mar. 10, 2016) (approving a rate of $200 per hour); Altier v. Worley

Catastrophe Response, LLC, No. CIV.A. 11-241, 2012 WL 161824, at *22 (E.D. La. Jan. 18, 2012) (approving hourly rates ranging from $150 per hour to $400 per hour for ten attorneys involved in the case); Johnson v. Big Lots Stores, Inc., 639 F. Supp. 2d 696, 701–02 (E.D. La. 2009) (approving a rate of $300 per hour for partners and $225 per hour for associates). Just last year, Magistrate Judge Wilkinson considered the work of Beaumont and Costales in another FLSA case and reduced the hourly rate from the requested $250 to $200 per hour. Calix v. Ashton Marine LLC, No. CV 14-2430, 2016 WL 4194119, at *6 (E.D. La. July 14, 2016), report and recommendation adopted, No. CV 14-2430, 2016 WL 4180977 (E.D. La. Aug. 8, 2016). Judge Wilkinson found the proposed rates were "excessive for both Beaumont and Costales at this early stage of their careers as FLSA lawyers." Id. at *5. But in another case last year, Beaumont and Costales were awarded the $250 per hour that they seek here. Banegas v. Calmar Corp., No. CV 15-593, 2016 WL 6276779, at *2 (E.D. La. Oct. 27, 2016). While the Court thinks that $250 per hour for a six year attorney is on the high side in this community for this work, given that a) these lawyers have been awarded this rate and b) defendants do not challenge it, the court cannot say it is unreasonable and so approves the rates proposed by Plaintiffs' counsel.

3. *Hours Expended*

Plaintiffs present a spreadsheet that itemizes the time spent by their attorneys on this matter with descriptions of the time entries. They submit that Beaumont (noted as whb in the billing record) should be compensated for 60.4 hours, Costales (noted as rlc in the billing record) should be compensated for 78.6 hours expended plus an additional 2.5 hours he asserts that he spent after the original motion for attorneys' fees was filed for a total of 81.1 hours; and Westermeir (noted as eaw in the billing record) should be compensated for 67.9 hours, plus an additional 7.9 hours

that she says she expended after the filing of the original motion for attorneys' fees for a total of 75.8 hours. Some of the time has been written off in an exercise of billing judgment.

The Defendants argue that, both with regards to the reasonable hours expended and with regards to the <u>Johnson</u> Factor concerning the amount involved in the case and the results obtained, Plaintiffs' attorneys' fee bills must be reduced because counsel spent a substantial amount of time litigating theories that never proved fruitful. For example, they say Plaintiffs' counsel spent 49.6 hours litigating a "joint employer" theory that was never proven, attempting to discover racial discrimination claims that were never shown, pursuing claims of opt-ins that were ultimately dismissed, defending a motion to quash that they lost, and preparing an unopposed motion to substitute parties after Esparza passed away, including research of Mexican succession laws.  Both parties seem to suggest that personality issues between counsel came into play in the way this matter was litigated.

The Court further addresses the Defendants' "degree of success" argument below.  As to the reasonable hours spent, the Court finds that Plaintiffs' counsel exercised some billing judgment in eliminating duplicative time entries and time entries for work that is more appropriately categorized as administrative. However, the Court finds that additional items must be written off the bills presented, as follows:

- Potential race discrimination claims are not relevant to the FLSA matter. Accordingly, research regarding race discrimination in the following time entries will not be compensated:

    o  1/14/2016, rlc, 2 hours

    o  1/20/2016, rlc, 0.4 hours reduced to 0.2 hours

    o  10/19/2016, eaw, 1.6 hours

- o   10/20/2016, eaw, 2.2 hours

- o   10/20/2016, eaw, 0.1 hour

- Plaintiffs cannot recover for time their attorneys spent filing documents in the CM/ECF system or otherwise conducting administrative tasks. See Dasilva v. U.S. Citizenship & Immigration Servs., No. CIV.A. 13-13, 2014 WL 1819753, at *4 (E.D. La. May 7, 2014), aff'd, 599 F. App'x 535 (5th Cir. 2014) (observing that "billing relative to notices of electronic filing is patently unwarranted"); Hagan v. MRS Assocs., Inc., No. CIV. A. 99-3749, 2001 WL 531119, at *9 (E.D. La. May 15, 2001), aff'd sub nom. Hagan v. M.R.S. Assocs., Inc., 281 F.3d 1280 (5th Cir. 2001) ("A prevailing plaintiff should not recover an attorney rate for work that clerical staff could have easily accomplished, regardless of who actually performed the work"). Accordingly, the following time entries will not be compensated:

  - o   1/21/2016, rlc, 0.3 hour, reduced to 0.2 hour

  - o   3/30/2016, rlc, 0.4 hour

  - o   7/8/2016, eaw, 0.1 hour

  - o   7/20/2016, eaw, 0.2 hour

  - o   9/27/2016, eaw, 0.1 hour

  - o   10/11/2016, eaw, 0.1 hour

  - o   10/24/2016, eaw, 0.5 hour

  - o   11/8/2016, eaw, 0.1 hour

  - o   1/6/2016, eaw, 0.2 hour

  - o   1/6/2016, eaw, 0.1 hour

  - o   6/13/2017, whb, 0.5 hour

8

- o   6/23/2017, eaw, 0.2 hour

- Plaintiffs cannot recover for travel time to and from the court here in New Orleans when their counsel is based in New Orleans. Although Plaintiffs already reduced these time entries, these entries must be removed entirely:

  - o   3/23/2016, rlc, 0.3 hour

  - o   11/16/2016, eaw, 0.3 hour

  - o   11/16/2016, eaw 0.2 hour

  - o   11/22/2016, whb, 0.8 hour

- Plaintiffs cannot recover for the time their counsel spent compiling and reviewing bills for the purposes of exercising billing judgment. The following must be removed:

  - o   7/7/2017, whb, 2 hours

  - o   7/8/2017, whb, 2 hours

- Plaintiffs served a subpoena on Chase bank seeking voluminous banking records. The Court granted Defendants' motion for a protective order, protecting the sought after documents from discovery. Because this fishing expedition was found improper, the Court finds the Plaintiffs cannot be compensated for counsel's efforts in this regard. See Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec., 811 F. Supp. 2d 216, 238 (D.D.C. 2011) ("[T]he court will not compensate for 'nonproductive time or for time expended on issues on which [the] plaintiff ultimately did not prevail . . . .'") (quoting Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, 1499 (D.C. Cir. 1984)). Accordingly, the following will not be compensated:

- o 10/21/2016, eaw, 0.8 hour

- o 11/1/2016, rlc, 0.3 hour

- o 11/2/2016, eaw, 1 hour

- o 11/3/2016, eaw, 1.5 hours

- o 11/3/2016, eaw, 1.7 hours

- o 11/4/2016, eaw, 0.3 hour

- o 11/7/2016, eaw, 0.1 hours

- o 11/7/2016 eaw, 1.9 hours

- o 11/7/2016, eaw, 1.4 hours

- o 11/8/2016, rlc, 1 hour

- o 11/8/2016, eaw, 0.4 hour

- o 11/15/2016, eaw, 0.4 hour

- o 11/16/2016, eaw, 0.2 hour

- o 11/16/2016, eaw, 0.5 hour

- o 11/16/2016, eaw, 0.1 hour

- o 11/16/2016, rlc, 0.3 hour

- The Court finds that time spent by Plaintiffs' counsel researching Mexican succession laws and procedures for substituting plaintiff Esparza after his death are not appropriately attributable to their work in pursuing the FLSA cause of action. Similarly, time spent researching issues related to joinder of deceased plaintiff Wright are outside of counsel's work in pursuing the FLSA claims they ultimately settled. Accordingly, the following entries, including those related to the status conference regarding substitution, must be removed:

- o  10/11/2016, whb, 2 hours
- o  2/9/2017, rlc, 0.2 hour
- o  2/17/2017, rlc, 0.1 hour
- o  2/23/2017, rlc 2.1 hours
- o  2/20/2017, rlc 0.1 hour
- o  2/20/2017, rlc, 0.1 hour
- o  2/21/2017, rlc, 0.1 hour
- o  2/23/2017, rlc, 0.2 hour
- o  2/23/2017, rlc, 0.1 hour
- o  2/24/2017, rlc, 1 hour
- o  2/24/2017, rlc, 0.2 hour
- o  2/24/2017, eaw, 0.1 hour
- o  2/27/2017, eaw, 1.6 hours
- o  2/27/2017, rlc, 0.2 hour
- o  3/1/2017, rlc, 0.3 hour
- o  3/1/2017, eaw, 1.3 hours
- o  3/1/2017, eaw, 1.3 hours
- o  3/2/2017, eaw, 2.7 hours
- o  3/2/2017, rlc, 1.3 hours
- o  3/3/2017, rlc, 0.3 hour
- o  3/3/2017, eaw, 0.1 hour
- o  3/3/2017, eaw, 0.7 hour
- o  3/3/2017, eaw, 0.2 hour

11

- o 3/6/2017, eaw, 0.2 hour

- o 3/6/2017, eaw, 0.2 hour

- o 3/8/2017, rlc, 1 hour

- o 3/8/2017, eaw, 0.2 hour

- o 3/13/2017, eaw, 0.2 hour

- o 3/13/2017, eaw, 0.1 hour

- o 3/13/2017, eaw, 0.1 hour

- o 3/13/2017, eaw, 0.1 hour

- Plaintiffs cannot recover for time multiple attorneys spent performing the same task
  or reviewing emails between other attorneys in the matter. See Jolie Design &
  Décor, Inc. v. Gogh, No. CV 15-0740, 2016 WL 4708210, at *4 (E.D. La. Aug. 11,
  2016), report and recommendation adopted, No. CV 15-0740, 2016 WL 4718186
  (E.D. La. Sept. 8, 2016) (" [W]hile a party is free to employ multiple attorneys, that
  party's opponent is not required to pay for duplicative work by those attorneys – it
  remains the burden of the party seeking fees to demonstrate the reasonableness of
  all the fees it seeks."). Plaintiffs exercised billing judgment in writing off much of
  the duplicative efforts. However, the Court finds the following time entries must
  also be removed:

  - o 10/20/2016, whb, 0.1 hour

  - o 2/8/2016, whb, 0.1 hour

  - o 5/18/2016, rlc, 0.1 hour

- The Court finds that the four hours spent by Beaumont researching the inclusion of
  a confidentiality clause in the settlement agreement and the effect of deleting the

prevailing party clause in the settlement agreement was unreasonable given that he asserts he is entitled to an hourly rate of $250 per hour—a rate that, as noted by the Court, is on the high side for an attorney who has been practicing about six years and indicates a level of expertise that would not require this amount of time spent on researching such issues. Accordingly, the two time entries will be reduced by 50% yielding the following reductions:

- o   4/6/2017, whb, 2 hours, reduced to 1 hour
- o   4/7/2017, whb, 2 hours, reduced to 1 hour

Applying the reductions described above to the amounts requested by the Plaintiffs, the Court comes to the following conclusion regarding the reasonable attorneys' fees incurred by the Plaintiffs. Beaumont's requested 60.4 hours will be reduced by 9.5 to 50.9. At a rate of $250 per hour, this is equal to $12,725. Costales' requested 81.1 hours will be reduced by 12 to 69.1. At a rate of $250 per hour, this is equal to $17,275. Westermeir's requested 75.8 hours will be reduced by 25.4 hours to 50.4. At a rate of $200 per hour, this is equal to $10,080. Thus, the lodestar as calculated by this Court results in an attorneys' fee award of $40,080.

4.   *Johnson Factors*

Defendants focus their opposition and sur-reply on the eighth <u>Johnson</u> factor, which allows for an increase or reduction in a fee award as a result of the degree of success obtained by the Plaintiffs. Defendants insist that a recovery of $8,992.20 is small when compared to the $50,830 in attorneys' fees requested. They also point out that, like in the <u>Saizan</u> case, the Defendants here did not admit to liability in the settlement agreement. Plaintiffs never proved that Defendants were liable under the FLSA.

Plaintiffs insist that the time spent on the matter is appropriate because they obtained the maximum possible recovery. Defendants do not seem to dispute that maximum recovery was obtained. Accordingly, this case is unlike <u>Saizan</u>, where the court rejected the damages model proposed by the plaintiffs in favor of a model that would have resulted in a much lower recovery. <u>See</u> 448 F.3d at 798. While Plaintiffs' ultimate recovery was small, this appears to be due to the extent of Defendants' violations and does not appear to reflect on the Plaintiffs' success. The Court cannot reduce the attorneys' fee award simply because the damages awarded are small.

Recommendation

For the foregoing reasons, it is recommended that Defendants be ordered to pay Plaintiffs $40,080 in reasonable attorneys' fees.

Objections

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 26th day of September, 2017.

Janis van Meerveld<br>
United States Magistrate Judge